Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
Jason J. Kim (SBN 221476)
kimj@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

FILED
BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
11 MAR 25 AM 11: 26

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

CV11 02517 CAS JCG

| | |
|---|---|
| KENNETH RADCLIFFE, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)** |
| v. | |
| LOWE'S HIW, INC., a Washington Corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | Action filed: February 23, 2011 |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. ("Lowe's") hereby removes to this Court, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, the state court action described below. In support thereof, Lowe's states as follows:

1.      On February 23, 2011, Plaintiff Kenneth Radcliffe ("Plaintiff") filed a putative class action against Lowe's, which currently is pending in the Superior Court for the State of California, County of Los Angeles, as Case No. BC455797, *Kenneth Radcliffe v. Lowe's HIW, Inc.* (the "Action"), before the Honorable Malcolm H. Mackey. Plaintiff served Lowe's with the Summons and Class Action Complaint for Damages, Injunctive Relief and Restitution (the "Complaint") on February 24, 2011. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached hereto as Exhibit A. The state court's March 4, 2011 order designating the Action as non-complex and assigning the Action to Judge Mackey is attached hereto as Exhibit B.

2.      On March 24, 2011, Lowe's filed its Answer to Unverified Class Action Complaint (the "Answer"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as Exhibit C. Upon information and belief, there have been no other proceedings in the Action.

3.      As set forth more fully below, the Action is one which Lowe's may remove to this Court under 28 U.S.C. § 1441(b) because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# I.

## LOWE'S HAS SATISFIED THE

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4.     Plaintiff served Lowe's with the Summons and Complaint on February 24, 2011.  Because Lowe's filed its Notice of Removal within 30 days of that date, the Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

5.     Venue lies in the United States District Court for the Central District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district.  *See* 28 U.S.C. § 1441(a).

6.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Lowe's, which papers include the Summons and Complaint and the state court's March 4, 2011 order designating the Action as non-complex and assigning the Action to Judge Mackey, are attached hereto as Exhibits A and B. Lowe's Answer is attached hereto as Exhibit C.

7.     Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

# II.

## REMOVAL IS PROPER BECAUSE THIS

## COURT HAS SUBJECT MATTER JURISDICTION

8.     The Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-15).  Pursuant to CAFA, federal courts have original jurisdiction over a class action if:  (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

1    9.    As set forth more fully below, this is a putative class action in which, as

2  alleged: (i) there are more than 100 members in Plaintiff's proposed class; (ii) the

3  Plaintiff and the members of the putative class have a different citizenship than

4  Lowe's, the sole named defendant; and (iii) the claims of the proposed class members

5  exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.

6  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28

7  U.S.C. § 1332(d).

8  **A.    This Is A Putative Class Action Consisting Of More Than 100 Members**

9    10.    Plaintiff proposes a class of "[a]ll persons who were employed as Zone

10 Managers by Lowe's in one or more of its California stores at any time on or after

11 February 23, 2007. Complaint ¶ 20. As of January 2011, Lowe's employed

12 approximately 267 Zone Managers in its California stores. Declaration of Robert

13 Ihrie ("Ihrie Decl.") ¶ 3. Accordingly, the proposed class exceeds 100 members.

14 **B.    The Diversity Of Citizenship Requirement Is Satisfied**

15    11.    Plaintiff is an individual who resides in the State of California.

16 Complaint ¶ 11.

17    12.    Lowe's is not a citizen of California. The phrase "principal place of

18 business" in 28 U.S.C. § 1332(c)(1) & (d)(2)(A) refers to the place where a

19 corporation's high-level officers direct, control and coordinate the corporation's

20 activities, *i.e.*, its "nerve center," which typically will be found at its corporate

21 headquarters. *Hertz Corp. v. Friend*, 559 U.S. __; 130 S.Ct. 1181, 1192-93 (2010).

22 Lowe's headquarters -- where its high-level officers direct, control and coordinate the

23 corporation's activities -- is located in North Carolina. Ihrie Decl. ¶ 2. Thus, for

24 removal purposes, Lowe's is a citizen of the State of North Carolina, not California.

25 Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1)

26 & (d)(2)(A).

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## C.    The Amount In Controversy Requirement Is Satisfied

13.    Plaintiff brings claims under Sections 203, 226, 510, 1174, 1194 and 1198 of the California Labor Code, as well as a claim under Section 17200 of the California Business and Professions Code. Complaint ¶¶ 31-67. Plaintiff seeks damages and penalties for unpaid overtime compensation, penalties for incomplete wage statements, damages and penalties for missed rest breaks, restitution of allegedly withheld wages under his unfair competition claim, as well as attorneys' fees. *Id.* ¶¶ 31-67 & Prayer for Relief. As set forth below, Plaintiff's allegations establish that there is more than $5 million at issue.

14.    Plaintiff alleges that Lowe's misclassified the putative class members as exempt from California's overtime laws, thereby depriving them of overtime pay. California law requires an employer to pay a non-exempt employee one and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek. *See* Wage Order 7-2001 at 3(A). Plaintiff alleges that he and "the Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek." Complaint ¶ 32. Throughout the relevant time period, Zone Managers were expected to work forty-eight (48) hours per week; *i.e.*, eight (8) hours of alleged overtime per workweek. Ihrie Decl. ¶ 6.

15.    Here, Plaintiff earned an annual salary of $60,126.30 as of the last date of his employment. Ihrie Decl. ¶ 4. Consequently, Plaintiff earned an approximate hourly rate of $28.91 as of the date of his termination.[1]

16.    There are 109 Lowe's stores in California. Ihrie Decl. ¶ 5. As of January 2011, Lowe's employed approximately 267 Zone Managers in its California stores. *Id.* ¶ 3. That number has not materially changed during the relevant time period. Using that figure as a guidepost, for each week during the four-year class period (and counting), Plaintiff effectively seeks 2136 (8 x 267) hours of alleged overtime worked

---

[1] The calculation is:  $60,126.30 / (52 weeks in a year) / (40 hours in a week) = $28.91.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)

1   at each of Lowe's 109 California stores -- 232,824 hours per week of alleged unpaid

2   overtime.  Using Plaintiff's approximate hourly rate, as he alleges that he is "typical"

3   of the class, the overtime claim alone exceeds $5 million.[2]  And that is only the

4   overtime claim.

5       17.    Plaintiff also seeks "waiting time penalties" on behalf of the putative

6   class members who no longer work for Lowe's, penalties for Lowe's alleged failure to

7   provide rest breaks to Zone Managers, as well as attorney's fees.  Combined with

8   Plaintiff's overtime claim, it is certain that the amount in controversy in this case

9   exceeds $5 million.

10       18.    Based on the foregoing, the jurisdictional amount in controversy

11   requirement plainly is met.  Removal to this Court is proper under CAFA.

12       **WHEREFORE**, Lowe's hereby removes this Action from the Superior Court

13   of the State of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C.

14   § 1441(b).

15

16   DATED:  March 25, 2011          **HUNTON & WILLIAMS LLP**

17

18                               By:

19                                 Phillip J. Eskenazi

                                Attorneys for Defendant

20                                 LOWE'S HIW, INC.

21

22

23

24

25

26

     _____

27   [2] The calculation is:  (267 ZMs) x (8 hours overtime per week) x ($43.37 (time and one-half Plaintiff's regular rate of pay)) x (52 weeks) x (4 years) = $19,268,770.

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5

**EXHIBIT A**

COPY 

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HIW, INC., a Washington Corporation, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNETH RADCLIFFE, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 23 2011

John A. Clarke, Executive Officer/Clerk
By _____
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central District

111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

**BC455797**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Charles H. Jung, Nassiri & Jung LLP, 47 Kearny St., Ste. 700, San Francisco, CA 94108; 415-762-3100

DATE: February 23, 2011                                                Clerk, by _____, Deputy
*(Fecha)*                                                             *(Secretario)*          *(Adjunto)*

RUGENA LOPEZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lowe's HIW, Inc, a Washington corporation

under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Charles H. Jung (SBN 217909)<br>NASSIRI & JUNG LLP<br>47 Kearny Street, Suite 700<br>San Francisco, CA 94108<br>TELEPHONE NO: 415-762-3100      FAX NO: 415-534-3200<br>ATTORNEY FOR (Name): Plaintiff Kenneth Radcliffe and the Putative Class | **CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>FEB 23 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deput.<br>RUGENA LOEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Kenneth Radcliffe v. Lowe's HIW, Inc, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 455 797 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
**4.** Number of causes of action (specify): 4 (Labor Code §§ 510, 1194, 1198, 226, 1174, 203; BPC §§ 17200-08)
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 23, 2011
Charles H. Jung
_____      ►      _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com



CHARLES H. JUNG (217909)
KASSRA P. NASSIRI (215405)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone:   (415) 762-3100
Facsimile:   (415) 534-3200

Attorneys for Plaintiff and the Putative Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 23 2011

John A. Clarke, Executive Officer/Clerk
By _____
RUGENA LOPEZ    , Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

## UNLIMITED JURISDICTION

**BC 455797**

KENNETH RADCLIFFE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LOWE'S HIW, INC., a Washington Corporation, and DOES 1 through 50, inclusive,

Defendants.

Case No.

CLASS ACTION

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

JURY TRIAL DEMANDED

### PRELIMINARY STATEMENT

1.    This is a class action, brought on behalf of Kenneth Radcliffe ("Representative Plaintiff") and all other persons similarly situated ("Class Members") who are or were employed as Zone Managers by defendant Lowe's HIW, Inc. and Does 1 through 50, inclusive (collectively "Defendant" or "Lowe's") within the applicable class period. The Representative Plaintiff, on behalf of himself and the Class Members, seeks unpaid wages, including unpaid overtime compensation, interest thereon and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*, California Code of Civil Procedure §1021.5, and various provisions of the California Labor Code.

-1-

CLASS ACTION COMPLAINT

2.     The Class Period is the time from February 23, 2007 through the date of trial or settlement, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3.     During the Class Period, Lowe's has had a consistent policy of (1) permitting, encouraging and/or requiring its allegedly overtime-exempt Zone Managers, including the Representative Plaintiff and Class Members, to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiff and Class Members statutorily-mandated rest periods, and (3) willfully failing to provide the Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period.

4.     In addition, Representative Plaintiff alleges, on information and belief, that Lowe's has had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to certain Class Members whose employment with Lowe's has terminated.

## INTRODUCTION

5.     Lowes claims to be the "second-largest home improvement retailer in the world." The company states that "Lowe's operates more than 1,725 stores in the United States, Canada and Mexico." Lowe's had "fiscal year 2009 sales of $47.2 billion", and it claims to serve "approximately 15 million customers a week". The company reported that for the "nine months ended October 29, 2010, net earnings increased 9.3 percent to $1.72 billion while diluted earnings per share increased 13.1 percent to $1.21."

6.     Lowe's maintains numerous California stores, including the one in which Representative Plaintiff worked as a Zone Manager. The Representative Plaintiff is informed and believes and, on that basis, alleges that within the Class Period, Lowe's employed numerous individuals in California in recent years who occupied Zone Manager positions at California Lowe's stores, employment positions that did not, and currently do not, meet any known test for exemption

from the payment of overtime wages and/or the entitlement to rest periods. Despite actual knowledge of these facts and legal mandates, Lowe's has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to pay premium and/or "penalty" (a.k.a. "waiting time") wages to its Zone Managers at its California stores.

7.     Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Lowe's knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

8.     Despite Lowe's knowledge of Class Members' entitlement to overtime pay for all applicable work periods, Lowe's failed to provide the same to the Class Members thereof, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages and/or penalties under, *inter alia*, the applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, 226.7, 510, 512, 1194, 1198, and/or the California Code of Civil Procedure § 1021.5. Greater than two-thirds of the members of the Plaintiff Class in the aggregate are citizens of the State in which the action was originally filed. The principal injuries resulting from Lowe's conduct were incurred in California. On information and belief, during the 3-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against Lowe's.

10.     This Court also has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Lowe's unfair and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

11.     Venue as to Defendant is proper in this judicial district pursuant to Code of Civil Procedure § 395(a). Lowe's transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have and have had a

direct effect on the Representative Plaintiff and those similarly situated within the State of California. Lowe's operates said facilities and has employed numerous Class Members in Los Angeles County and throughout counties within the State of California.

## PLAINTIFF

12.    Representative Plaintiff Kenneth Radcliffe is a natural person who was employed as a Zone Manager at a Lowe's store located at 2000 Empire Avenue, Burbank, California during the Class Period.

13.    As used throughout this Complaint, the term "Class Members" refers to the Representative Plaintiff herein as well as each and every person eligible for membership in the class of persons as further described and defined herein.

14.    At all times herein relevant, the Representative Plaintiff was and is now a person within the class of persons further described and defined herein.

15.    The Representative Plaintiff brings this action on behalf of himself and as a class action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANTS

16.    Representative Plaintiff is informed and believes and, based thereon, alleges that at all times herein relevant defendants Lowe's HIW, Inc. and Does 1 through 50 did business within the state of California "offering a complete line of home improvement products and services" and serving "do-it-yourself" customers through its California stores.

17.    The defendants identified as Does 1 through 50, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, defendants Lowe's and those identified as Does 1 through 50, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members at California locations as identified in the preceding paragraph.

-4-

18.    The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 50, inclusive and, therefore, sues these defendants by such fictitious names.  The Representative Plaintiff will seek leave of Court to amend this Complaint when such names are ascertained.  The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiffs and Class Members' damages, as herein alleged, were proximately caused thereby.

19.    The Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

20.    Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Lowe's conduct including, but not necessarily limited to, the following Plaintiff Class:

> All persons who were employed as Zone Managers by Lowe's in one or more of its California stores at any time on or after February 23, 2007.

21.    Lowe's, its officers, and directors are excluded from the Plaintiff Class.

22.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

a.    Numerosity:  A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement.  Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Lowe's.

b.    Commonality:  The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1    1)    Whether Lowe's violated an IWC Wage Order and/or Labor Code § 510 by failing to pay overtime compensation to its Zone Managers who worked in excess of forty hours per week and/or eight hours per day;

2)    Whether Lowe's violated California Business and Professions Code § 17200, *et seq.* by failing to pay overtime compensation to its Zone Managers who worked in excess of forty hours per week and/or eight hours per day;

3)    Whether Lowe's violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

4)    Whether Lowe's violated California Labor Code §§ 201-204 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated;

5)    Whether Lowe's violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

6)    Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203.

c.    <u>Typicality</u>:  The Representative Plaintiffs claims are typical of the claims of Class Members.  The Representative Plaintiff and Class Members sustained damages arising out of and caused by Lowe's common course of conduct in violation of law, as alleged herein.

d.    <u>Superiority of Class Action</u>:  Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein.  Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings that might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.    <u>Adequacy of Representation</u>:  The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members.  The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in both wage and hour litigation and class action litigation.  The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole.  The Representative Plaintiff anticipates no management difficulties in this litigation.

CLASS ACTION COMPLAINT

## COMMON FACTUAL ALLEGATIONS

23.     As described herein, for years Lowe's has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as overtime wages) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other similar businesses.

24.     Lowe's has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code § 201 and/or § 202.

25.     California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

26.     Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records by members of the class. Lowe's also failed to provide the Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

27.     Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of the same having been terminated by and/or resigned from Lowe's. More than 72 hours have passed since certain Class Members have left Defendant's employ.

CLASS ACTION COMPLAINT

28.     As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, Representative Plaintiff and certain Class Members are entitled to up to 30 days wages as a penalty under Labor Code § 203, together with attorneys' fees and costs.

29.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

30.     Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future.  Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members under California's Unfair Competition Law.  Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

///

///

///

///

///

### FIRST CAUSE OF ACTION
**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198)**

31.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32.     During the Class Period, the Representative Plaintiff and the Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

33.     During the Class Period, Defendant refused to compensate the Representative Plaintiff and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

34.     Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Lowe's, including the Representative Plaintiff, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. This non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Lowe's.

35.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

36.     California Labor Code § 510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

37.     California Labor Code § 1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

38.     California Labor Code § 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

39.     By refusing to compensate the Representative Plaintiff and Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

40.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Lowe's, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226 and 1174)

52.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53.     California Labor Code § 226(a) provides in part:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. [A] copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

54. Moreover, California Labor Code § 226 (e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

55. Finally, California Labor Code §1174(d) provides:

Every person employing labor in this state shall . . . . [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

56. Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of themselves and on behalf of all Class Members.

57. Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to 6 be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION
**(California Labor Code § 203)**

59. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60. California Labor Code § 203(a) provides in part that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of

**CLASS ACTION COMPLAINT**

an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

61.     Numerous Class Members, including Representative Plaintiff, were employed by Lowe's during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Lowe's.

62.     More than thirty days has elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

63.     As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

64.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65.     Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

66.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

CLASS ACTION COMPLAINT

67.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**RELIEF SOUGHT**

1.     WHEREFORE, the Representative Plaintiff, on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

2.     That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under Code of Civil Procedure § 382;

3.     That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and Class Members;

4.     That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

5.     That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

6.     That the Court declare, adjudge, and decree that the Representative Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond 8 hours in a day and 40 in a week;

7.     That the Court make an award to the Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

8.      That the Court order Defendant to pay restitution to the Representative Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

9.      That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*;

10.     For all other Orders, findings and determinations identified and sought in this Complaint;

11.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

12.     For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure §1021.5; and

13.     For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: February 23, 2011

Respectfully submitted,
NASSIRI & JUNG LLP


Charles H. Jung

Attorneys for PLAINTIFF and the
PUTATIVE CLASS

-14-

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  February 23, 2011

Respectfully submitted,
NASSIRI & JUNG LLP

Charles H. Jung

Attorneys for PLAINTIFF and the
PUTATIVE CLASS

-15-

COPY

| SHORT TITLE: Radcliffe v. Lowes HIW, Inc. | CASE NUMBER: BC455797 |
|---|---|

**FOR COURT USE ONLY**
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 23 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deput'
RUGENA LOPEZ

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |

| LACIV 109 (Rev. 01/11)<br>LASC Draft 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: RADCLIFFE  v.  LOEVE'S HIW, INC. | | CASE NUMBER |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Radcliffe v. Lowe's HIW, Inc. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Radcliffe v. Lowe's HIW, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 2000 Empire Ave., Burbank, CA 91504 |
|---|---|
| CITY: Burbank | STATE: CA | ZIP CODE: 91504 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: Feb. 23, 2011

[SIGNATURE OF ATTORNEY/FILING PARTY]

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| Print | Save | | Clear |
|---|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT **BC 455 797**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this for.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 9000?
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                            By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 1 of 2

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY/ZIP | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3166 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-6115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

**EXHIBIT B**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/04/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC455797 <br><br> KENNETH RADCLIFFE <br> VS <br> LOWE'S HIW INC ET AL <br><br><br> NON-COMPLEX (03-04-11) | Plaintiff Counsel <br><br> Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**


COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Malcolm H. Mackey in Department 55 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 55 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


          CLERK'S CERTIFICATE OF MAILING/
            NOTICE OF ENTRY OF ORDER

MINUTES ENTERED
03/04/11
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/04/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

|  | | | |
|---|---|---|---|
| 8:30 am | BC455797 | Plaintiff Counsel | NO APPEARANCES |
| | KENNETH RADCLIFFE VS LOWE'S HIW INC ET AL | Defendant Counsel | |
| | NON-COMPLEX (03-04-11) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
03-04-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 03-07-11

John A. Clarke, Executive Officer/Clerk

By: _____
          K. HILAIRE

NASSIRI & JUNG, LLP
Charles H. Jung, Esq.
47 Kearny Street, Suite 700
San Francisco, California  94108

Page   2 of   2   DEPT. 324

**MINUTES ENTERED**
**03/04/11**
**COUNTY CLERK**

**EXHIBIT C**

COPY

1   **HUNTON & WILLIAMS LLP**
    Phillip J. Eskenazi (SBN 158976)
2   peskenazi@hunton.com
    Jason J. Kim (SBN 221476)
3   kimj@hunton.com
    550 South Hope Street, Suite 2000
4   Los Angeles, California  90071-2627
    Telephone:  (213) 532-2000
5   Facsimile: (213) 532-2020

6   Attorneys for Defendant
    LOWE'S HIW, INC.

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        RUGENA LOPEZ

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  KENNETH RADCLIFFE, individually and on behalf of all others similarly situated, | Case No. BC455797 |
| 12  Plaintiff, | [The Hon. Malcolm H. Mackey – – Dept. 55] |
| 13  v. | **DEFENDANT LOWE'S HIW, INC.'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT** |
| 15  LOWE'S HIW, INC., a Washington Corporation, and DOES 1 through 50, inclusive, | |
| 16  Defendants. | Action Filed:   February 23, 2011 |

17

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ANSWER

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Defendant Lowe's HIW, Inc. ("Defendant"), by and through its undersigned counsel, hereby

2    answers the unverified Class Action Complaint for Damages, Injunctive Relief and Restitution (the

3    "Complaint") of Plaintiff Kenneth Radcliffe ("Plaintiff") as follows:

4

5                        **GENERAL DENIAL OF ALLEGATIONS**

6    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally

7    denies the unverified allegations in the Complaint.

8

9                             **AFFIRMATIVE DEFENSES**

10   Without waiving or excusing the burden of proof on Plaintiff's causes of action, or admitting

11   that Defendant has any burden of proof, Defendant hereby asserts the following affirmative

12   defenses:

13                        **FIRST AFFIRMATIVE DEFENSE**

14                          **(Failure to State a Claim)**

15   1.    The Complaint fails to state a claim upon which relief may be granted.

16

17                       **SECOND AFFIRMATIVE DEFENSE**

18                           **(Statute of Limitations)**

19   2.    The Complaint and each purported claim contained therein is barred to the extent

20   Plaintiff or any of the members of the putative class he purports to represent seek relief for conduct

21   occurring outside the applicable statutes of limitation, including but not limited to, Sections 338 and

22   340 of the Code of Civil Procedure, as well as Section 17208 of the Business and Professions Code.

23

24                        **THIRD AFFIRMATIVE DEFENSE**

25                      **(Applicable Overtime Exemptions)**

26   3.    Plaintiff is not entitled to the relief sought in the Complaint because, at all relevant

27   times, Plaintiff and the individuals that he seeks to represent met various exemptions from

28   California's overtime requirements, including but not limited to, the executive exemption.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Plaintiff's causes of action are based on statutes that do not apply to exempt employees. Moreover,

2    to the extent Plaintiff failed to meet the test of any applicable overtime exemption it was due to his

3    failure to meet his employer's reasonable expectations regarding his job.

4

5    **FOURTH AFFIRMATIVE DEFENSE**

6    **(Justification/Privilege)**

7         4.     Plaintiff's claims are barred, in whole or in part, because at all times Defendant's

8    conduct was privileged by virtue of being approved, allowed and/or sanctioned by California law

9    and/or California governmental entities.

10

11    **FIFTH AFFIRMATIVE DEFENSE**

12    **(Good Faith)**

13         5.     Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted

14    in good faith and had reasonable grounds for believing that it did not violate California law.

15

16    **SIXTH AFFIRMATIVE DEFENSE**

17    **(California Labor Code § 2856)**

18         6.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to

19    substantially comply with all of the directions of his employer concerning the events at issue.

20

21    **SEVENTH AFFIRMATIVE DEFENSE**

22    **(Reasonable Care)**

23         7.     Plaintiff's claims are barred, in whole or in part, because Defendant took reasonable

24    steps to correct and/or prevent any of the harm alleged in the Complaint, and Plaintiff failed to take

25    advantage of opportunities to avoid harm.

26

27

28

**EIGHTH AFFIRMATIVE DEFENSE**

**(Administrative Remedies)**

8.    Plaintiff's claims for relief are barred to the extent that he was required to exhaust his administrative remedies, but failed to do so.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

9.    Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and acquiesced in the alleged conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

11.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

14.     Plaintiff's claims are barred, in whole or in part, by the settlement and release of Plaintiff's claims and/or by the doctrine of accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

15.     Plaintiff's recovery, in whole or in part, must be reduced pursuant to the *de minimis* doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

16.     Plaintiff's damages, if any, must be reduced to the extent that he failed to mitigate any such damages.

## SEVENTENTH AFFIRMATIVE DEFENSE

### (Offset)

17.     Defendant is entitled to an offset against any relief sought by Plaintiff based upon his wrongful conduct and/or monies owed to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

18.     Plaintiff lacks the standing and/or capacity to assert some or all of the claims alleged against Defendant in the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

19.    Plaintiff's damages, if any, were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by the Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Right to Jury Trial)

20.    Plaintiff has no right to a jury trial on all of his causes of action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

21.    Plaintiff's recovery is limited and/or barred by the after-acquired evidence doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

22.    Plaintiff's claims and damages, if any, are barred, in whole or in part, by his own unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Paid All Sums)

23.    The Complaint and each purported claim contained therein is barred because Defendant has paid Plaintiff and the members of the putative class all sums due to them.

### OTHER DEFENSES

Defendant may have additional defenses which cannot be articulated at this time.  Defendant therefore does not waive any defenses and reserves the right to assert additional defenses.

1
2

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

3    1.    That all relief requested in the Complaint be denied with prejudice;

4    2.    That Plaintiff take nothing by virtue of this action;

5    3.    For costs of suit incurred herein; and

6    4.    For such other and further relief as the Court may deem proper.

7
8
9    Dated:  March 24, 2011                    **HUNTON & WILLIAMS LLP**

10                                             Phillip J. Eskenazi
                                               Jason J. Kim
11
12                                    By:  _____
13                                             Phillip J. Eskenazi
                                             Attorneys for Defendant
14                                           LOWE'S HIW, INC.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California  90071-2627.

On March 24, 2011, I served the foregoing document(s) described as **DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT** on the interested parties in this action:

> Charles H. Jung
> Kassra P. Nassiri
> NASSIRI & JUNG LLP
> 47 Kearny Street, Suite 700
> San Francisco, California 94108
> Telephone: (415) 762-3100
> Facsimile: (415) 534-3200

*Attorneys for Plaintiff*

☐ **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By FEDERAL EXPRESS:** by causing same to be delivered via Federal Express to the addressee(s).

☐ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2011, Los Angeles, California.

_____
Rosie Zapatero

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1